UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
VIRTUAL ARCHITECTURE, LTD.,                :
                               Plaintiff,        :
                                       :       08 Civ. 5866 (SHS)
     -against-        :       OPINION
                                       :
JAY H. RICK,        :
                             Defendant.        :
------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

The issue for resolution is whether plaintiff has shown "good cause in compelling circumstances" sufficient for the Court to authorize a witness to testify during the trial of this civil action by videoconference with "appropriate safeguards" from the Seychelles. *See* FED. R. CIV. P. 43(a). For the reasons set forth below, the Court answers the question affirmatively.

## I.  BACKGROUND

Virtual Architecture Ltd. brought this action against Jay H. Rick, a retired attorney, for breach of contract and fraud. Rick allegedly breached the escrow agreement he had entered into with Virtual and fraudulently induced Virtual to authorize Rick to release $4.2 million that Virtual had given Rick to hold as its escrow agent. (Second Amended Complaint ¶¶ 28, 46-50.) Among other alleged wrongful actions, Rick used $1.9 million of Virtual's escrow funds to reimburse two individuals—one of whom was J.J. Pardiwalla—who wished to exit an investment due to concerns about its legitimacy, thereby substituting Virtual in the place of those two investors in the investment scheme. (Supplemental Joint Pretrial Order dated Jan. 20, 2012 ¶ 4.)

After plaintiff listed Pardiwalla as one of its witnesses and stated that his testimony would be by videoconference, (Joint Pretrial Order dated Jan. 9. 2012 at 6), Rick objected on the

1

grounds that the witness had not been properly disclosed previously pursuant to Federal Rule of Civil Procedure 26(a)(3)(A)(i) and that only live testimony should be permitted. (Def.'s Mem. of Law in Support of Def.'s Mot. in Limine at 2-4.) The Court found that the witness had been disclosed properly and that his testimony was relevant to Rick's knowledge of the bona fides of the investment prior to his transferring Virtual's funds into it. (*See* Order dated Jan. 18, 2012.)

Plaintiff informed the Court that Pardiwalla was unable to testify in person at the trial because Pardiwalla lives in the Seychelles and "could not physically come" to New York in time to testify at the trial, which was scheduled for thirteen days after Rick had moved in limine to exclude Pardiwalla's testimony. (Damadeo Decl. ¶ 8.) Defendant objected that allowing Pardiwalla to testify via video transmission was impermissible pursuant to Federal Rule of Civil Procedure 43(a).

## II. DISCUSSION

Fed. R. Civ. P. 43(a) provides that, although a witness's testimony "must be taken in open court," nonetheless, "[f]or good cause in compelling circumstances and with appropriate safeguards," the court "may permit testimony in open court by contemporaneous transmission from a different location."

The Advisory Committee's Note to Rule 43 adds chiaroscuro as follows;

> The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.

Several sister inferior courts have found good cause to allow "contemporaneous transmission from a different location," *see* FED. R. CIV. P. 43(a), to provide testimony, where the witness would have to face international travel, with its attendant costs of time and money. *See Dagen v. CFC Group Holdings Ltd.*, No. 00 Civ 5682, 2003 U.S. Dist. LEXIS 20029, at *4

2

(S.D.N.Y. 2003) (expense; international travel; difficulty of obtaining visa); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 480 (D. Md. 2010) (difficulty of obtaining visa; expense of international travel); *In re Rand Int'l Leisure Prods., LLC*, No. 10-71497, 2010 Bankr. LEXIS 1986 (Bankr. E.D.N.Y. 2010) (international travel of up to twelve hours).

The same considerations that were operative in those cases are at issue here. Pardiwalla resides in the Seychelles, an archipelago of islands in the Indian Ocean. (Trial Tr. at 176: 23-24.) The Seychelles are approximately 8400 miles from New York City, and the flight time between the Seychelles and New York City is approximately 20 hours and 40 minutes via London. Travel Distances from United States, 360 TRAVEL GUIDE, http://www.360travelguide.com/USA/distances.asp (last visited February 6, 2012); Travel to Seychelles, WORLD TRAVEL GUIDE, http://www.worldtravelguide.net/seychelles/travel-by (last visited February 6, 2012). Moreover, Pardiwalla testified that it was "absolutely impossible" for him to travel to New York to testify due to the "all the rules and regulations in the states," presumably referring to the rules for obtaining visas. (Trial Tr. at 182:18-25, Jan. 24, 2012.)

Finally, the Court notes that a trial court has broad discretion in controlling the mode and order of interrogating witnesses and presenting evidence. FED. R. EVID. 611; *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC*, 467 F.3d 107, 119 (2d Cir. 2006) ("[W]e are mindful of the wide latitude that traditionally has been afforded to district courts both in determining whether evidence is admissible and in controlling the mode and order of its presentation to promote the effective ascertainment of the truth.").

## III. CONCLUSION

Given the difficulties faced by the witness in travelling from the Seychelles to the United States, the ready availability of effective two-way videoconferencing equipment, and the relevance to trial of the witness's testimony, the Court finds that plaintiff has shown more than

3

that it is "merely inconvenient" for Pardiwalla to testify. FED. R. CIV. P. 43(a) advisory committee's note. The Court also determines that "good cause in compelling circumstances" exists to permit Pardiwalla to "testi[fy] in open court by contemporaneous transmission from a different location." FED. R. CIV. P. 43(a).

## IV. POSTSCRIPT

In an effort to ensure the "appropriate safeguards" required by Rule 43(a), the Court followed the following procedures at the trial on January 24, 2012. Plaintiff had made the necessary arrangements for the video conference to begin at a set time. When the transmission began, the Court excused the jury and spoke directly to Mr. Pardiwalla on the record, and established that the witness was able to see the bench and the jury box, and the surrounding parts of the courtroom, and, when they approached, the attorneys. The Court verified that the audio and video transmission were clear and crisp and that the 50-inch screen provided an appropriately sized image for the jury to be able to view the witness's face, upper body, and surrounding office area. The jury was brought back into the courtroom and the Court verified from the jurors that they could see and hear the witness and vice versa. The witness was sworn, and direct, cross and redirect examination took place. Transmission was acceptable, although not perfect. There was a slight delay between asking questions and the start of answers, much as when a television journalist is reporting live from Afghanistan. In addition, at some point in the questioning, the witness indicated that the video feed from the courtroom had ceased, but the audio feed was continuing. However, the jury was able to see and hear the audio and the video transmission from the Seychelles throughout the witness's testimony. (Trial Tr. at 171:2-172:16; 179:5-16, Jan. 24, 2012.) The Court is comfortable that the technology enabled the witness to observe and comprehend "the very ceremony of trial and the presence of the factfinder," FED. R.

4

CIV. P. 43(a) advisory committee's note, and that the jury was presented with a close approximation of in person testimony. Those facts, combined with the clarity of the witness's "presence," constituted the "appropriate safeguards" that justified the Court's decision to permit the witness to testify to a jury from essentially halfway around the world.

Dated: New York, New York
       February 7, 2012

                                                    _____
                                                    Sidney H. Stein, U.S.D.J.